IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NATHANIEL SMITH, JR., )
)
        Petitioner, )
) 1:12CV1055
v. ) 1:06CR325-1
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Document [Doc. #73] labeled as a Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2). In it he seeks to attack the conviction or sentence he received in this Court. Some of the arguments raised would be proper in a motion under §3582(c)(2) because Petitioner does raise arguments related to amendments to the United States Sentencing Guidelines. However, Petitioner also raises statutory and constitutional arguments which would need to be raised in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Ordinarily, it would be this Court's practice to treat a mixed submission such as this as a motion under § 3582(c)(2). However, in this case, Petitioner has already had such a motion denied as to the Guidelines Amendments upon which he now relies. (Order [Doc. #70].) See also United States v. Goodwyn, 596 F.3d 233 (4th Cir. 2010). For this reason, the Court will construe the current

submission as § 2255 motion. Unfortunately, the Motion cannot be further processed for the following reason:

1.  Motion is not on proper § 2255 form.

Because of this pleading failure, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defect of the present Motion.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to file a § 2255 motion.

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms.

This, the 7th day of June, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.