IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATHANIEL SMITH, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:13CV537 |
| ) | 1:06CR325-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Motion [Doc. #76][1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Respondent has responded to Petitioner's Motion by filing a Motion to Dismiss [Doc. #81] and Supplement [Doc. #85]. Petitioner has responded [Doc. #84, #88]. For the reasons set out below, the Court recommends that Petitioner's Motion to Vacate Sentence be denied, and that this action be dismissed.

Procedural History, Facts, and Claims

On August 28, 2006, a grand jury in this district indicted Petitioner on one count of conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846 and § 841(b)(1)(A), and four counts of distribution of crack cocaine. Petitioner entered a guilty plea to the conspiracy count. He was sentenced on March 8, 2007, and Judgment was entered on April 26, 2007. Petitioner was sentenced to 262 months in prison and ten years supervised release. (Judgment [Doc. #42].) He did not appeal his sentence.

---

[1] Citations to the record will be to the criminal case unless otherwise indicated.

Petitioner filed several post-conviction motions. On March 10, 2008, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582(c)(2) [Doc. #50]. The Court denied Petitioner's Motion after finding that he did not qualify for a sentence reduction because his final offense level was derived from the career offender guideline. (Order [Doc. #62].)

On December 16, 2011, Petitioner filed another post-conviction Motion under 18 U.S.C. § 3582(c)(2) for reduction of his sentence based upon a further amendment to the crack cocaine sentencing guidelines [Doc. #63]. The Court again denied Petitioner's Motion after finding that he did not qualify for a sentence reduction because his final offense level was determined using the career offender guideline. (Order [Doc. #70].)

Petitioner subsequently filed a Motion [Doc. #73] on September 21, 2012, which this Court construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. That Motion was dismissed without prejudice to Petitioner filing his Motion on the correct forms. Petitioner thereafter filed the § 2255 Motion [Doc. #76] that is now under consideration.

Petitioner raises two grounds for relief in his § 2255 Motion. In Ground One, he alleges that he is confined in violation of the Constitution and laws of the United States. He claims that the Fair Sentencing Act is retroactive and that he is entitled to a sentence reduction based upon the abrogation of the 100-1 crack cocaine ratio. (Motion [Doc. #76] at 4.) In Ground Two, Petitioner claims that trial counsel failed to file a timely notice of appeal after request and thereby violated his right to the effective assistance of counsel. (Id. at 5.) In his Memorandum,

Petitioner argues that not reducing his sentence to reduce the crack-to-powder cocaine disparity violates his Equal Protection and Eighth Amendment rights.

In a Motion to Dismiss filed in Response, Respondent argues that the statute of limitation ran on Petitioner's claims on May 11, 2008, well before he filed his first § 2255 motion on September 21, 2012. (Motion to Dismiss [Doc. #81] at 4.) Respondent also argues that Petitioner fails to show that his filing should be considered timely under any longer period under section 2255(f). Therefore, Respondent contends that Petitioner's motion should be summarily dismissed.[2]

Petitioner relies upon United States v. Peak, 992 F.2d 39 (4th Cir. 1993) for the proposition that because he has alleged that counsel failed to file a notice of appeal as requested, his motion is timely. (Response [Doc. #88] at 3.)

Discussion

Respondent requests dismissal on the ground that the motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitation period

---

[2] Respondent initially argued that in his Plea Agreement, Petitioner had waived his right to attack his sentence on direct appeal and in a post-conviction motion, but Respondent has now abandoned that argument because it could not obtain a copy of the transcript of Petitioner's plea hearing. (See Supp. Resp. [Doc. #85].) In his Reply to the Supplemental Response, Petitioner contends that the Government breached the Plea Agreement by failing to withdraw an Information of Prior Conviction as agreed in the Plea Agreement, and that this failure resulted in the enhanced sentence as a career offender. In considering this additional contention, the Court notes that the Government agreed in the Plea Agreement not to file an additional Information of Prior Conviction for a January 21, 1998 conviction, which if filed would have subjected Petitioner to statutory mandatory life imprisonment. As promised, the Government did not file that additional Information of Prior Conviction, and Petitioner was not subject to statutory mandatory life imprisonment. However, the career offender enhancement under the Guidelines is independent of the filing of an Information of Prior Conviction, and that provision of the Plea Agreement did not affect the career offender determination under the Guidelines.

3

runs from the date when the judgment of conviction became final.  In this case, Petitioner did not appeal his sentence, and his conviction became final when his time for filing an appeal expired ten days after entry of judgment.  Judgment was entered on April 26, 2007.  Ten days from that date would have been May 10, 2007.  One year from this date would have been on or about May 12, 2008.  Petitioner's initial § 2255 motion was dated August 20, 2012.  Thus, the motion was over four years out of time under subsection (f)(1).  Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion.  Therefore, subsection (f)(2) does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review.  Petitioner cites this section in the caption of his Memorandum [Doc. #77], but does not discuss it in the body of the Memorandum.  Petitioner argues that the Fair Sentencing Act of 2010 ("FSA") should apply retroactively to reduce his sentence.  (Id. at 2.)  Therefore, presumably this is the basis for his subsection (f)(3) argument.  However, the Fair Sentencing Act of 2010 is a statutory change, not a newly recognized right.  Moreover, the Fair Sentencing Act of 2010 is not retroactive to cases where the defendant was sentenced before the effective date of the Act on August 3, 2010, as was Petitioner.  Dorsey v. United States, 132 S. Ct. 2321, 2335-36 (2012); United States v.

4

Mouzone, 687 F.3d 207, 222 (4th Cir. 2012) ("[Appellant] contends that the Fair Sentencing Act of 2010 should be applied retroactively to his sentence. We disagree."). Accordingly, this subsection does not apply.[3]

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner presumably invokes this section by arguing that the running of the limitation period should be equitably tolled due to his belief that counsel had filed a notice of appeal. (Motion [Doc. #76] at 12.) Due diligence is required under both subsection (f)(4) and the doctrine of equitable tolling. See 28 U.S.C. § 2255(f)(4); see also Holland v. Florida, 560 U.S. 631, 649-53 (S. Ct. 2010). Here, Petitioner has not alleged any facts upon which the Court could base a finding that he exercised due diligence in pursuing his § 2255 claims. This is not a situation where Petitioner missed his one-year deadline by a few weeks or even months. He allowed over four years to pass after the expiration of his filing deadline. Petitioner offers no reason why over the course of these four years he could not with reasonable diligence have discovered that counsel had not in fact filed a notice of appeal on his behalf. See Anjulo-Lopez v. United States, 541 F.3d 814, 819 (8th Cir. 2008) (affirming dismissal of untimely section 2255 motion where, despite petitioner's claim that counsel failed to file direct appeal upon request, a "duly diligent person in [petitioner's] circumstances could have unearthed that information anytime after the deadline for filing the appeal passed" because that filing was a matter of public

---

[3] Moreover, even if the § 2255 Motion were timely, Petitioner would not be entitled to relief, since as noted above, the Fair Sentencing Act does not apply to individuals who were sentenced before August 3, 2010.

5

record); Lyles v. United States, No. 11:00112-ELH, 2015 WL 1624822 (D. Md. April 9, 2015); Hannigan v. United States, No. 7:09CR133-D, 2015 WL 1056329 (E.D.N.C. March 10, 2015).

Finally, Petitioner's reliance upon United States v. Peak, 992 F.2d 39, is misplaced. He argues that his Motion is timely under Peak. However, Peak simply held that a criminal defense attorney's failure to file a notice of appeal upon request deprives the defendant of his Sixth Amendment right to counsel, even though the lost appeal may not have had a reasonable probability of success. It does not help Petitioner establish that his Motion was timely filed.

Accordingly, Petitioner has failed to show that his § 2255 filing is timely or that he is entitled to equitable tolling of the limitation period. His Motion should be denied.

## Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #76] be denied, that Respondent's Motion to Dismiss [Doc. #81] be granted, and that this action be dismissed.

This, the 12th day of January, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

6